IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Deborah A. Hartley, | ) | Civil Action No.: 4:12-3274-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 for the District of South Carolina. Deborah A. Hartley ("Plaintiff") filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB"). (ECF No. 1). The Magistrate Judge issued a Report and Recommendation on February 5, 2014, recommending that the Commissioner's decision be affirmed. (ECF No. 21). Plaintiff filed objections to the Report and Recommendation seeking a reversal of the Commissioner's decision. (ECF No. 26). The Commissioner filed a response to Plaintiff's objections on March 10, 2014 arguing that the Commissioner's decision was supported by substantial evidence and should be affirmed. (ECF No. 29). For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## **BACKGROUND**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

The Report and Recommendation sets forth in detail the relevant factual and procedural background on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed an application for DIB on September 22, 2006 alleging a disability onset date of January 8, 2002, due to back problems, and abdominal pain following a 2002 hysterectomy. (Tr. 99-103). Plaintiff did not complete high school and has past relevant work history as a restaurant manager. (Tr. 542 & 520). Her application was denied initially and upon reconsideration. Plaintiff requested a hearing and a hearing was held on March 10, 2009. At the hearing, Plaintiff amended her alleged onset date to April 15, 2003. (Tr. 10). An Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for DIB benefits on May 21, 2009. (Tr. 10). Plaintiff then requested review of the ALJ's decision, which was denied by the Appeals Council, thereby making the ALJ's determination the final decision of the Commissioner. On February 8, 2010, Plaintiff sought judicial review and the Court remanded Plaintiff's case to the Appeals Council for further administrative proceedings. Then, on June 17, 2011, the Appeals Council remanded this matter to the ALJ to conduct a new hearing, take any further administrative action needed to complete the administrative record, and issue a new decision. (Tr. 535-38).

A second administrative hearing was held on June 22, 2012. (Tr. 495-511). During the hearing, Plaintiff amended her alleged onset date to March 14, 2005. (Tr. 478, 497-98). On July 12, 2013, the ALJ issued a decision denying Plaintiff's claim for DIB benefits and on September 25, 2012, the Appeals Council denied Plaintiff's request for review. (Tr. 464-67). Plaintiff filed the instant action on November 15, 2012. (ECF No. 1).

## **REPORT AND RECOMMENDATION**

The Magistrate Judge recommends affirming the ALJ's decision asserting that the Commissioner's decision is supported by substantial evidence. (ECF No. 21). The Magistrate Judge

makes only a recommendation to the court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the court's review of the Report thus depends on whether or not objections have been filed, in either case the court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

## **OBJECTIONS**

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation on March 3, 2014. (ECF No. 25). Plaintiff objects to the Magistrate Judge's recommended findings that 1) substantial evidence supports the ALJ's rejection of the opinion of Dr. J. Edward Nolan, Plaintiff's treating pain management physician; 2) the ALJ properly relied on the testimony of the Vocational Expert ("VE"); and 3) the ALJ conducted a proper credibility analysis. (ECF No. 26 at 2). The Commissioner filed a reply to Plaintiff's objections on March 10, 2014, arguing that the Commissioner's decision is supported by substantial evidence and should be affirmed. (ECF No. 29).

## **DISCUSSION**

**Standard of Review**

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (*citing Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**Treating Physician Rule**

Plaintiff challenges the ALJ's consideration of the opinion of Plaintiff's treating pain management physician Dr. J. Edward Nolan ("Dr. Nolan") as inconsistent with the medical evidence and deposition testimony provided by Dr. Nolan.[2] Plaintiff argues that the ALJ did not cite any medical opinion to rebut Dr. Nolan's opinion which she claims was based on extensive clinical treatment history. (ECF No.26 at 4 & 7).

The Court has considered Plaintiff's objections as well as the reasons set forth by the ALJ for assigning the portion of Dr. Nolan's opinion regarding exertional and postural limitations some weight and the portion of Dr. Nolan's opinion relating to Plaintiff's loss of the ability to concentrate and excessive absenteeism little weight and finds Plaintiff's objections have no merit. (Tr. 487). The Magistrate Judge fully addressed Plaintiff's contentions of error regarding the ALJ's consideration of Dr. Nolan's opinion and the analysis conducted by the ALJ as required by 20 C.F.R. § 404.1527. (ECF No. 21 at 11). Generally, an ALJ will "accord greater weight to the testimony of a treating physician" but the rule does not require that the testimony always be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 29 C.F.R. §§ 404.1527 (c)(2), 416.927(c)(2); *see also* SSR 96-2p, 1196 WL 374188 at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical evidence or if it is inconsistent with other substantial evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

The Magistrate noted *inter alia* that the ALJ explained that the medical evidence was not

---

[2] The Court notes that the arguments Plaintiff sets forth in support of this objection essentially reiterate arguments she presented in her initial brief and in her reply brief. (ECF Nos. 12 & 17).

fully consistent with other evidence in the record. The duty to resolve conflicts in evidence rests with the ALJ and not the reviewing court. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). As such, this Court cannot second guess the ALJ on this issue. If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 7743, 775 (4th Cir. 1972). The Court agrees with the Magistrate Judge that the ALJ applied the correct legal principles in evaluating Dr. Nolan's opinion concerning exertional and physical limitations and in his decision to afford little weight to Dr. Nolan's opinion regarding Plaintiff's ability to concentrate and her absenteeism. Here there is substantial evidence in the record that supports the ALJ's decision concerning the weight assigned to Dr. Nolan's opinion and the Court finds no reversible error as to this issue.

**Vocational Expert Hypothetical**

Next, Plaintiff contends that the ALJ erred in relying on the testimony of the VE because the hypothetical posed by the ALJ did not include all of plaintiff's nonexertional limitations, specifically those outlined by Dr. Nolan. (ECF No. 21 at 13). Based upon the hypothetical, the VE identified sedentary unskilled jobs that Plaintiff could perform such as a machine tender and an assembler. (Tr. 506).

Once a claimant makes a *prima facie* showing of disability by showing her inability to return to her past relevant work, the burden then shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir.1983); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

In order for a VE's opinion to be relevant or helpful, it must be based upon a consideration of the other evidence on the record and must be in response to hypothetical questions which fairly set out all of Plaintiff's impairments. *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). The

questions, however, need only reflect those impairments that are supported by the record. *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).

Here, the ALJ set out a hypothetical to the VE which included the limitations found by the ALJ in his decision. The ALJ was not required to include the additional limitations proposed by Plaintiff's counsel because the ALJ did not find these limitations to be credible and/or supported by the record. *See Lee v. Sullivan*, 945 F.2d 689, 692-94 (4th Cir. 1991)(noting that a requirement introduced by claimant's counsel in a question to the VE "was not sustained by the evidence and the vocational expert's testimony in response to the question was without support in the record"); *Chrupcala v. Heckler*, 829 F.2d at 1276. The ALJ's hypothetical was both appropriate and supported by substantial evidence. As previously discussed, the ALJ properly afforded little weight to Dr. Nolan's opinion regarding Plaintiff's nonexertional impairments such as ability to concentrate attend tasks, and the amount of work she would miss. Of note, the ALJ was not required to include the nonexertional limitations that were set forth by Dr. Nolan because the ALJ determined that Dr. Nolan's opinion was inconsistent with his treatment notes and portions of his deposition testimony.

Plaintiff also argues that the ALJ's inclusion of an "at will" sit-stand option in the hypothetical question posed to the VE does not account for Dr. Nolan's finding regarding Plaintiff's need to alternate between sitting and standing, frequently change positions, and frequently take unscheduled breaks for pain relief. (ECF No. 21 at 13-14). Specifically, Plaintiff contends that the need to alternate between sitting and standing, even if allowed at will, is different from the need to take frequent breaks for relief of pain that requires leaving the work station. (ECF No. 26 at 11). For the reasons, previously set forth, the Court need not reach this argument. The ALJ accorded little weight to the portion of Dr. Nolan's opinion that addressed Plaintiff's nonexertional limitations and the ALJ was not required to include those limitations in the hypothetical. Plaintiff's objection

is overruled.

**Credibility Determination**

Plaintiff also challenges the Magistrate Judge's finding concerning the ALJ's credibility determination with respect to Plaintiff's pain. (ECF No. 26 at 11). Plaintiff asserts that the ALJ conducted an improper credibility analysis and failed to consider Plaintiff's persistent attempts to obtain relief from pain.

"In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow treatment once it is prescribed lends support to an individual's allegations of intense and persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements." SSR 96-7p. "Persistent attempts by the individual to obtain relief of pain or other symptoms, such as by increasing medications, trials of a variety of treatment modalities in an attempt to find one that works or that does not have side effects, referrals to specialists, or changing treatment sources may be a strong indication that the symptoms are a source of distress to the individual and generally lend support to an individual's allegations of intense and persistent symptoms." *Id.*

The ALJ's decision outlines Plaintiff's efforts to obtain pain relief and indicates that in assessing Plaintiff's credibility there were inconsistencies between Plaintiff's testimony and specific treatment records. (Tr. 483-486). Plaintiff argues that the ALJ mischaracterizes the evidence regarding relief Plaintiff obtained from injections and contends that even if the ALJ properly identified an inconsistency with respect to Plaintiff's testimony, the ALJ was not at liberty to ignore the relevant evidence that supported the level of pain she experienced. (ECF No. 26 at 14).

The Court notes that the ALJ was within bounds to disregard Plaintiff's testimony to the extent it is inconsistent with the evidence in the record. *See Johnson v. Barnhart*, 434 F.3d 650, 653

(4th Cir.2005) (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). It is the responsibility of the ALJ to "make credibility determinations–and therefore sometimes must make negative determinations–about allegations of pain or other nonexertional disabilities." *Hammond v. Hacker*, 765 F.2d 424, 426 (4th Cir. 1985). Here, Plaintiff's objection is in essence an invitation for this Court to reweigh the evidence and come to its own credibility determination. As such, the Court declines to substitute its judgment for that of the ALJ in making credibility determination.

## CONCLUSION

After carefully reviewing the record, including the findings of the ALJ, the parties' briefs, the Report and Recommendation, Plaintiff's objections, and the Commissioner's response, the Court concurs in the Recommendation of the Magistrate Judge that the Commissioner's decision is supported by substantial evidence. Thus, the Court adopts and incorporates the Report and Recommendation herein, for the reasons set out above and in the Report and Recommendation, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

March 31, 2014
Spartanburg, South Carolina